*Michigan Supreme Court*
*Lansing, Michigan 48909*

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 7, 2002**

ROBERT C. LESNER, Father of
Randy Lee Lesner, Deceased,

    Plaintiff-Appellee,

v

No. 116205

LIQUID DISPOSAL, INC., and
HARTFORD ACCIDENT AND INDEMNITY,

    Defendants-Appellants.
_____

BEFORE THE ENTIRE BENCH

YOUNG, J.

The plaintiff's son was fatally injured in the course of employment. Plaintiff, a partial dependent of the decedent, sought worker's compensation benefits. Through extended proceedings, there has been uncertainty with regard to the proper amount of the benefits to be paid to plaintiff under the formula established by this Court in *Weems v Chrysler Corp*, 448 Mich 679; 533 NW2d 287 (1995).

We hold that the formula for calculating worker's compensation death benefits for surviving partial dependents established in *Weems* is inconsistent with the governing statute, MCL 418.321. Accordingly, we overrule that portion of the *Weems* opinion. However, the portion of this opinion that overrules *Weems* is to have limited retroactive effect.

We further hold that *Weems* correctly held that the minimum and maximum limits in MCL 418.355 (2) and MCL 418.356(2) do not require an alteration after the partial dependent benefits calculation. In addition, we hold that the 500-week limitation on benefits applies to benefits for a partially dependent person.

Set forth in this opinion is the proper method for determining partial dependent benefits in keeping with the controlling statutory language. Accordingly, we remand this case to the Worker's Compensation Appellate Commission for further proceedings consistent with this opinion.

## I. Facts and Proceedings

In January 1982, plaintiff lived with his wife and two adult sons. All four individuals made financial contributions to the household as plaintiff drew a small pension and the others earned money from employment. Plaintiff, then 57 years old and disabled from employment since 1978, was partially dependent on the contributions of his sons and wife. One of the plaintiff's sons died as the result of a work-related accident in mid-January 1982.

The following month, plaintiff, as a survivor and partial dependent of the deceased son, sought benefits pursuant to § 321 of the Worker's Disability Compensation Act, MCL 418.321. A hearing referee found that plaintiff was a partial dependent, and ordered a weekly benefit of $170.21 until further order of the bureau.

After both sides appealed to the former Worker's Compensation Appeal Board, a two-member panel affirmed the referee's decision, with some modification.[1]

The Court of Appeals granted leave to appeal[2] and affirmed in part and reversed in part.[3]

While defendants' application for leave to appeal was pending in this Court, we decided *Weems, supra*, which provided a formula for calculating benefits for a partial dependent. Then, in lieu of granting leave to appeal in the present case,

---

[1] The WCAB ordered compensation "at the rate of $170.23 per week from January 13, 1982 [in accordance with MCL 418.356(2)] for a period not to exceed 500 weeks from the date of the employee's death" and further ordered a reduction of that benefit amount, in accordance with the formula set forth in *Franges v General Motors Corp*, 404 Mich 590; 274 NW2d 392 (1979). *Franges* concerned allocation of the cost of obtaining a third-party tort recovery.

[2] Unpublished order, entered July 6, 1993 (Docket No. 136338).

[3] The Court of Appeals remanded for application of a formula it had employed in *LePalm v Revco DS, Inc*, 202 Mich App 33, 43-46; 507 NW2d 771 (1993). The Court directed that the plaintiff receive "the greater of the amount calculated under the *LePalm* formula or fifty percent of the average weekly wage in 1982" and that the award "be reduced appropriately pursuant to *Franges*."

3

we directed the WCAC to recalculate death benefits using the formula set forth in *Weems*. 449 Mich 901 (1995).

On remand, the WCAC once again recalculated the benefit amount. A further recalculation occurred when the case returned to the Court of Appeals.[4]

We granted leave to appeal in order to clarify this area of the law and consider whether the formula for the calculation of worker's compensation death benefits for surviving partial dependents established in *Weems* is consistent with the governing statute, MCL 418.321.

## II. Standard of Review

This case presents an issue of statutory interpretation, which we review de novo as a question of law. *Levy v Martin*, 463 Mich 478, 482, n 12; 620 NW2d 292 (2001); *Donajkowski v Alpena Power Co*, 460 Mich 243, 248; 596 NW2d 574 (1999).

## III. Analysis

### A. The Statute at Issue

Death benefits for a dependent are governed by MCL 418.321. In 1982, when the plaintiff's decedent died, the language for this section, drawn from 1980 PA 357, read:

---

[4] The Court of Appeals initially denied leave to appeal for lack of merit in the grounds presented. Unpublished order, entered June 5, 1997 (Docket No. 199205). In lieu of granting leave to appeal, we remanded the case to the Court of Appeals for consideration as on leave granted. 457 Mich 856 (1998). The Court of Appeals then decided this matter in an unpublished opinion per curiam, entered December 28, 1999 (Docket No. 211230).

4

If death results from the personal injury of an employee, the employer shall pay, or cause to be paid, subject to [MCL 418.375], in 1 of the methods provided in this section, to the dependents of the employee who were wholly dependent upon the employee's earnings for support at the time of the injury, a weekly payment equal to 80% of the employee's after-tax average weekly wage, subject to the maximum and minimum rates of compensation under this act, for a period of 500 weeks from the date of death. If at the expiration of the 500-week period any such wholly or partially dependent person is less than 21 years of age, a hearing referee may order the employer to continue to pay the weekly compensation or some portion thereof until the wholly or partially dependent person reaches the age of 21. If the employee leaves dependents only partially dependent upon his or her earnings for support at the time of injury, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of injury.

Later, the section was amended by 1985 PA 103 and 1994 PA 271. One significant change was made to the final sentence of the section to provide an eighty-percent multiplier in the formula for the calculation of benefits.[5]

---

[5] The current language, as enacted in 1994 PA 271, reads:

If death results from the personal injury of an employee, the employer shall pay, or cause to be paid, subject to [MCL 418.375], in 1 of the methods provided in this section, to the dependents of the employee who were wholly dependent upon the employee's earnings for support at the time of the injury, a weekly payment equal to 80% of the employee's after-tax average weekly wage, subject to the maximum and minimum rates of compensation under this act, for a period of 500 weeks from the date of death. If at the expiration of the 500-week period any such wholly or partially dependent person is less than 21 years of age, a worker's compensation magistrate may order the

5

B. The *Weems* Formula is Inconsistent with the Formula
Provided by the Plain Language of the Statute

As we have indicated with great frequency, our duty is to apply the language of the statute as enacted, without addition, subtraction, or modification. See, e.g., *Helder v Sruba*, 462 Mich 92, 99; 611 NW2d 309 (2000); *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). We may not read anything into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself. *Omne Financial, Inc v Shacks, Inc,* 460 Mich 305, 311; 596 NW2d 591 (1999). In other words, the role of the judiciary is not to engage in legislation. *Tyler v Livonia Public Schools,* 459 Mich 382, 392-393, n 10; 590 NW2d 560 (1999).

Interpreting the plain language of MCL 418.321 at the time of the work related death of the plaintiff's son in 1982, that statute provided that the weekly benefit to be paid to a partially dependent person ($B_{PD}$) was calculated by multiplying the benefit that would be paid if the person were wholly

_____

employer to continue to pay the weekly compensation or some portion thereof until the wholly or partially dependent person reaches the age of 21. If the employee leaves dependents only partially dependent upon his or her earnings for support at the time of injury, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as 80% of the amount contributed by the employee to the partial dependents bears to the annual earnings of the deceased at the time of injury.

6

dependent ($B_{WD}$) by a percentage figure ("the proportion"). The benefit for a wholly dependent person ($B_{WD}$) was eighty percent of the decedent's after-tax average weekly wage ($WW_{AT}$)[6]. The proportion (P) was calculated by dividing the amount the decedent contributed to the partial dependent (C)[7] by the decedent's annual earnings (AE). Thus:

$$B_{PD} = (B_{WD})(P), \text{ where}$$
$$P = (C/AE), \text{ and}$$
$$B_{WD} = (.80)(WW_{AT}).$$

Accordingly,

$$B_{PD} = (C)(.80)(WW_{AT})/(AE), \text{ or}$$

$$\text{Benefit} = \frac{(\text{decedent's contribution})(.80)(\text{decedent's weekly wage after taxes})}{(\text{decedent's annual earnings})}$$

This equation is the proper one; it is directly based on the plain language of MCL 418.321 as it was in force in 1982.[8]

---

[6] MCL 418.321 calls for "a weekly payment equal to 80% of the employee's after-tax average weekly wage, subject to the maximum and minimum rates of compensation under this act, for a period of 500 weeks from the date of death." These limitations, to which the weekly payment is "subject," are respectively the maximum benefit of MCL 418.355(2), the minimum benefit of MCL 418.356(2), and the 500-week limitation that is expressly stated in MCL 418.321. When these limitations are applicable, they can be substituted into the formula for ($B_{WD}$). We will discuss these limitations later in the opinion.

[7] The "amount" of a contribution must be computed with respect to a period and, given the ratio being described by the Legislature, it surely meant an *annual* amount.

[8] As indicated above, the Legislature added, in 1985 PA 103, a second .80 multiplier that remained in effect after 1994 PA 271. See the final lines of the statutory language quoted in footnote 5 and Justice BOYLE's partial concurrence/partial dissent in *Weems*, 448 Mich 719.

With that change, $P = (.80)(C)/(AE)$, so that:

7

In our view, the statute on its face requires a factual determination of "the amount contributed by the employee" to the partial dependent, that is, the amount actually contributed by that deceased worker, in order to calculate the amount of benefits to which the partial dependent is entitled.

However, in *Weems, supra* at 695-697, this Court created its own formula for determining benefits payable to a partial dependent under MCL 418.321, despite the plain language of the statute.[9]   Rather than merely examining, as the statute directed, "the amount contributed by the employee" to the partial dependent, the *Weems* Court substituted other factors to determine the level of benefits.   In particular, it concluded that the partial dependent would receive the amount obtained by dividing the deceased employee's annual after-tax earnings by the sum of those earnings *and* the partial

---

$$B_{PD} = (.80)(C)(.80)(WW_{AT})/(AE), \text{ or}$$

Benefit = (decedent's contribution)(.64)(decedent's weekly wage after taxes) / (decedent's annual earnings)

This modified formulation, currently applicable, would have been appropriately applied in *Weems*, where the fatal accident occurred in March 1986, well after the effective date of 1985 PA 103.   In the present case, however, the accident occurred in 1982, so the statutory modification is not applicable.

[9]   While we recognize that MCL 418.321 requires significant study to parse, we also recognize that the complexity and density of a statute does not in itself cause the statute to be ambiguous and thus warrant construction of the statute.

dependent's regular and substantial annual income.[10]   See *Weems, supra* at 696.   The problem with this calculation is that it is not derived from the language of the statute.   MCL 418.321 includes no mention of the income of a partial dependent as a factor in the calculation of the benefits due that partial dependent.[11]

As explained by Justice CAVANAGH in his partial dissent in *Weems*, in order to determine the benefits due a partial dependent, a faithful application of MCL 418.321 "would

---

[10] Like the present case, *Weems* involved a situation with only one partial dependent.   In a footnote, the *Weems* majority seemed to indicate that the formula it adopted should be modified in a case involving multiple partial dependents.   See *Weems, supra* at 697, n 22 (discussing treatment of a situation with multiple partial dependents).   Because we are overruling the *Weems* formula and the present case involves only one partial dependent, this opinion does not address situations involving multiple partial dependents.

[11] Moreover, the *Weems* formula distorts the evident legislative goal of allowing different levels of benefits on the basis of the different circumstances of otherwise similarly situated partial dependents.   This is illustrated by considering that the *Weems* formula, by eschewing any determination of the amount that the deceased employee actually contributed to the partial dependent's support, would provide the same benefit level to a partial dependent in each of the following two hypothetical cases.   Assume that in both cases A and B, the deceased employees had exactly the same after-tax earnings and had a partial dependent who had the same regular and substantial income.   Now consider that in case A, the partial dependent had substantial medical or educational expenses that the partial dependent in case B did not and that these expenses were paid for by the deceased. This would mean that the employee in case A contributed more to the partial dependent's support than in case B.   That no allowance for the difference in the level of support actually contributed by the deceased employee to the partial dependent is made by the *Weems* formula demonstrates its inconsistency with the language of MCL 418.321.

9

require a factual determination by the trier of fact" to establish the amount contributed by the employee to the partial dependent. *Id.* at 709. We agree. This is necessary for the simple reason that the amount contributed by the deceased employee to the partial dependent will vary from case to case and cannot be determined by any blanket formula.

The *Weems* majority rejected such a factual inquiry, apparently primarily on the basis of the view that such a factual determination would be "unworkable":

> Such a determination is absolutely unworkable in practice. It would be impossible in most cases to even roughly estimate which portion of the decedent's income was used for the sole support of the dependent. [*Weems*, *supra* at 698.]

We acknowledge that, in many cases, the factfinder will be presented with a difficult task in determining what amount of money to consider as having been contributed by the deceased employee to the partial dependent. In large part, this is because household expenses are often paid in essentially a lump sum for items that benefit multiple members of the household.[12] Yet the difficulty of an administrative tribunal in making a factual determination called for by a statute is not a justification for ignoring the statute. The reason is that the Legislature, the policy-making arm of our government, in taking up this matter, is held to have

---

[12] For example, a rental payment might allow both an employee and a partial dependent to live in the same apartment. Similarly, groceries might be purchased for a household with all of its members sharing in the food.

10

considered this issue and settled on this approach.  It is not within our authority to disregard that choice.  See, e.g., *Helder, supra* at 99 (when a statute is clear on its face, the judicial role is to apply the statute in accord with its plain language, not to articulate its view of "policy").

Accordingly, we overrule *Weems* to the extent that it is inconsistent with this opinion.  In particular, we overrule the *Weems* formula for calculating benefits due a partial dependent because it is inconsistent with the plain language of MCL 418.321.[13]

## C.  Statutory Limitations

In deducing the proper formula to be employed, consideration must also be given to the limitations stated in the opening sentence of MCL 418.321.[14]

### 1.  Maximum and Minimum Benefits

Recall that an element of the calculation for a partial dependent is the benefit that would be paid if the survivor had been wholly dependent on the decedent ($B_{WD}$).  If one were determining the benefit for a wholly dependent person, the first sentence of MCL 418.321 instructs that it might be necessary to reduce the benefit in light of the maximum benefit of MCL 418.355(2) or to raise it to reach the minimum

---

[13] Specifically, we note that we have not overruled the *Weems* analysis regarding determining whether a person is partially dependent.

[14] See n 6.

11

benefit specified by MCL 418.356(2).

The majority in *Weems* held that no separate adjustment should be made *after* the benefits for a partially dependent person are calculated. The majority said that "a partially dependent person's weekly benefits are inherently subject to the maximum and minimum rates of compensation because the calculation of a wholly dependent person's weekly benefit is included in the partially dependent person's calculation." 448 Mich 684-685. We agree.

The minimum or maximum benefit language in MCL 418.321 is located in the sentence discussing benefits for wholly dependent persons, not the calculation for partially dependent persons.[15] Therefore, where the maximum or minimum is applicable, it is to be inserted at the step where $(B_{WD})$ is determined.

For that reason, when $(B_{WD})$ is more than the maximum or less than the minimum, it will be necessary to substitute the minimum or maximum for $(B_{WD})$, which is calculated using the

---

[15] Unlike our concurring colleague, we do not believe that MCL 418.321 is ambiguous concerning the introduction of the minimum or maximum benefit rate into a partially dependent person's benefit calculation. The maximum or minimum benefit clause is directed solely at the calculation for a wholly dependent individual and is the only reference to the minimum or maximum benefit rate in the statute. Since, under the plain language of the statute, a partial dependent's benefit calculation first requires the calculation of the benefit that the partial dependent would have received if wholly dependent, we conclude there is no ambiguity about the point of introduction of a minimum or maximum benefit rate into the calculation of a partial dependent's weekly compensation.

12

formula stated *ante* at page 7. That change would mean that the usual value of ($B_{WD}$), which is $(.80)(WW_{AT})$ or 80% of the decedent's weekly wage after taxes, would be replaced by the statutory maximum or minimum (SM) under MCL 418.355(2) or MCL 418.356(2). This change would be necessary because in such cases the benefit level of a partial dependent is tied by the language of MCL 418.321 to the benefits that would be provided a wholly dependent person. Ordinarily, a wholly dependent person would be entitled to 80% of the deceased employee's after-tax earnings, but that is not the case in situations in which such a wholly dependent person's benefits would be subject to the maximum or minimum benefit restrictions.

Thus, where the minimum or maximum applies, as the law existed in 1982, the statutory formula would be:

$$B_{PD} = (C)(SM)/(AE), \text{ or}$$

Benefit = (decedent's contribution)(statutory maximum or minimum)
                    (decedent's annual earnings)

In a case arising under the amended language of 1985 PA 103 and currently applicable, it would be:

$$B_{PD} = (.80)(C)(SM)/(AE), \text{ or}$$

Benefit = (.80)(decedent's contribution)(statutory maximum or minimum)
                    (decedent's annual earnings)

### 2. 500-Week Limitation

The first sentence of MCL 418.321 also states a 500-week limitation of benefits for a wholly dependent person. This limitation also applies to benefits for a partially dependent person. The second sentence of MCL 418.321 provides a

13

specific means for partially (and wholly) dependent persons to seek an extension of benefits beyond 500 weeks. In light of the entire structure of MCL 418.321——in which the benefit for a partially dependent person is derived arithmetically from the benefit that would be paid if the person were wholly dependent——the second sentence communicates the Legislature's intent that the 500-week limitation is likewise applicable to partially dependent persons.

## V. Retroactivity

The general rule is that judicial decisions are given complete retroactive effect. *Michigan Ed Emp Mut Ins Co v Morris*, 460 Mich 180, 189; 596 NW2d 142 (1999). However, recognition of the effect of changing settled law has led this Court to consider limited retroactivity when overruling prior case law. In examining the potential effect of a retroactive decision, this Court gauges (1) the purpose served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. *Id.* at 190.

The purpose of the rule adopted in this opinion is to correct what we believe to be the flawed construction of MCL 418.321 in *Weems*. However, *Weems* has been controlling authority for over six and one-half years. Thus, it appears that there has been widespread reliance on the *Weems* formula in calculating worker's compensation benefits for partial dependents of deceased employees. Further, attempting to

14

revisit the benefit levels finally determined or agreed upon during the period that *Weems* was controlling authority could have a detrimental effect on the administration of justice by imposing an enormous burden on the worker's compensation system, not to mention the reliance of the beneficiaries on the benefits previously awarded under *Weems*.

For these reasons, we hold that the present opinion is to be given only limited retroactive effect. The interpretation of MCL 418.321 articulated in this opinion is to be applied only to the present case; to other cases pending decision by a worker's compensation magistrate or on appeal, to either the WCAC or the Court of Appeals, in which the determination of the level of benefits to be paid a partial dependent is in issue; and to future cases in which the level of benefits due a partial dependent under MCL 418.321 needs to be initially determined.

## VI. Conclusion

In the present case, the WCAC and the Court of Appeals, as they were bound to do, attempted to apply *Weems* as binding precedent from this Court. However, for the above reasons, we overrule the portion of *Weems* that provides a formula for calculating worker's compensation death benefits for surviving partial dependents. The portions of this opinion that overrule the *Weems* opinion are to have limited retroactive effect.

We further hold that the minimum and maximum benefit limits do not require an alteration after the partial dependent benefits are calculated, but rather are to be inserted before that calculation. In addition, we hold that the 500-week limitation on benefits applies to partially dependent persons.

For these reasons, it is necessary to again remand this case to the WCAC. On remand, the commission shall calculate the plaintiff's benefits as a partial dependent in accordance with MCL 418.321 as explained in this opinion, and in accordance with other provisions of law, including those stated in *Franges, supra*. MCR 7.302(F)(1).

CORRIGAN, C.J., and TAYLOR and MARKMAN, JJ., concurred with YOUNG, J.

16

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

ROBERT C. LESNER, father of
Randy Lee Lesner, deceased,

    Plaintiff-Appellee,

v                                                                  No. 116205

LIQUID DISPOSAL, INC., and
HARTFORD ACCIDENT AND INDEMNITY,

    Defendants-Appellants.

_____

KELLY, J. (*concurring*).

I agree with the formula that the majority has adopted to be used for determining death benefits of a partial dependent. However, it is obvious to me that § 321 of the Worker's Disability Compensation Act[1] is ambiguous. Consequently, the majority's plain meaning analysis is inadequate to determine the Legislature's intentions in writing it.

The majority has adopted the formula proposed in Justice

_____

[1] MCL 418.321.

Cavanagh's dissent in *Weems v Chrysler Corp,*[2] except that it retains the *Weems* majority's application of the maximum and minimum rates of compensation for injuries. Sometimes, the formula yields a benefit for a whole dependent that falls above the maximum rate or below the minimum rate. In those cases the statutory maximum or minimum is substituted for the figure representing eighty percent of the decedent's after-tax weekly wage in the formula.[3]

When the maximum and minimum amounts do not apply, the majority's formula for a partial dependent is as follows:[4]

Benefit =(.80)(decedent's annual contribution)(.80)(decedent's after-tax weekly wage)

(decedent's annual earnings)

Whenever the maximum or minimum is substituted, the benefit for a partial dependent is computed as follows:[5]

Benefit = (.80)(decedent's annual contribution)(statutory maximum or minimum)

(decedent's annual earnings)

Justice Cavanagh's formula in *Weems* differs in this

_____

[2] 448 Mich 679; 533 NW2d 287 (1995).

[3] **In 2002, the minimum is $357.56 per week and the maximum is $644.00 per week. Http://www.cis.state.mi.us/wkrcomp/82_ now.htm, on April 19, 2002.**

[4] There are two 80% multipliers in this formula. The first is the multiplier in the whole dependent's benefit, which is 80% of the after-tax weekly wage of the decedent. The second 80% multiplier, which was added by a 1985 amendment of the act, is found in the partial dependent's formula. Slip op at 7, n 8.

[5] The 80% multiplier in this formula is the one found in the formula for a partial dependent's benefit.

2

respect:  The death benefit for a partial dependent is calculated without regard to the maximum and minimum rates. Then, whenever the resulting death benefit falls outside the maximum-minimum benefit range, the benefit is adjusted upward to the minimum or downward to the maximum, as the case may be.

Both interpretations are reasonably derived from the language of the statute.  Section 321 of the Worker's Disability Compensation Act states that a wholly dependent survivor's benefit is calculated as follows:

> If death results . . . the employer shall pay . . . a weekly payment equal to 80% of the employee's after-tax average weekly wage, subject to the maximum and minimum rates of compensation under this act, for a period of 500 weeks from the date of death.  [MCL 418.321.]

Another part of the same section then directs how the benefit is adjusted for a partially dependent survivor:

> If the employee leaves dependents only partially dependent upon his or her earnings for support at the time of injury, the weekly compensation to be paid shall be equal to the same proportion of the weekly payment for the benefit of persons wholly dependent as 80% of the amount contributed by the employee bears to the annual earnings of the deceased at the time of injury. [MCL 418.321.]

The majority reasons that, because the clause "subject to the maximum and minimum rates of compensation" appears only in the whole dependents part of § 321, it refers only to the benefit paid to a whole dependent.  On the other hand, the *Weems* dissent rejects that logic because the 500-week limitation of

3

§ 321 appears in the whole dependents part. Yet it applies to partial dependents and is not repeated in the partial dependents part. Also, the partial dependents part does not state that the partial benefit is subject to the maximum and minimum rates of compensation, whereas the fact that it is so subject is undisputed.

Both constructions are antagonized by additional ambiguity in the wording of §§ 355 and 356. Section 355(2), which defines the maximum rate of compensation, states:

> [T]he maximum weekly rate of compensation for injuries within the year shall be established as 90% of the state average weekly wage . . . .

Proponents of the *Weems* dissent can rely on the fact that the rate referred to is called *the* maximum rate of compensation. That suggests that they should adjust the result of *all* benefit calculations, whole or partial. On the other hand, the statutory language can reasonably be read to mean that placement of the maximum rate within the formula is determined by § 321.

The language of § 356(3) also can be read in two different manners. It states:

> The minimum weekly benefit for death under section 321 shall be 50% of the state average weekly wage as determined under section 355.

Proponents of the *Weems* dissent argue that, because the minimum weekly benefit is referred to as *the* minimum "for death under section 321," it should replace any death benefit

4

calculated under § 321 that is lower than it. It should be the smallest sum that a partial or whole dependent could possibly receive. On the other hand, one can again point to the minimum benefit as only one factor in the partial dependent's benefit calculation.

I find that both are reasonable interpretations of the language of §§ 321, 355 and 356. Therefore, § 321 is ambiguous as regards application of the maximum and minimum benefit rates, and rules of statutory construction must be applied to determine the Legislature's intent.

It is undisputed that the overarching intention of the Legislature was to award a death benefit that is less than the amount that the employee contributed to the dependent. If the *Weems* dissent formula reflected legislative intent, it would yield that result. However, the contrary is true. Using it, in cases where an employee contributed a small but not de minimus amount before his death, a partial dependent would receive the minimum rate of compensation. Thus, the benefit could be significantly higher than the amount the decedent contributed to the dependent during his lifetime.[6]

---

[6] This is demonstrated by an example from the Weems dissent:

. . .[I]f, for instance, twenty percent of Mr. Weems' after-tax earnings were contributed to Mrs. Weems, the formula yields:

(continued...)

5

By contrast with the *Weems* dissent's formula, the majority's formula yields a death benefit that is normally eighty percent of the amount that the employee contributed to the dependent.

Because it satisfies the Legislature's purpose of compensating part, but not one hundred percent or more, of the dependent's loss, I agree with the majority's formula. Of the possible interpretations of § 321, it alone conforms with the legislative intent to calculate a death benefit that is normally less than the decedent employee's contribution. Therefore, I concur in the result of the majority opinion.

---

[6] (...continued)

$$\frac{80\% \times \$ 8,558 \times \$822.91}{\$42,791} = \$131.66$$

However, applying § 356, which sets the statutory minimum for death benefits, the payable death benefit would be $207.35, the applicable minimum rate for these parties. [*Id.* at 718, n 17 (Cavanagh, J. dissenting).]

In this example, the calculated benefit of $131.66 was raised to $207.35 a week, which was the minimum rate for death benefits in 1986. However, the employee had contributed only $8,558 annually before death. Hence, under the *Weems* dissent formula, the dependent received only $164.57 a week from the decedent and would receive $207.35 a week after.

ROBERT C. LESNER, Father of
Randy Lee Lesner, Deceased,

    Plaintiff-Appellee,

v                               No. 116205

LIQUID DISPOSAL, INC., and
HARTFORD ACCIDENT AND INDEMNITY,

    Defendants-Appellants.

_____

CAVANAGH, J. (*concurring in part and dissenting in part*).

While I agree that the formula the majority adopts today for calculating worker's compensation death benefits for surviving partial dependents is the correct formula under MCL 418.321, I do not agree with the majority's interpretation of the minimum and maximum benefit language located in MCL 418.321. Also, I write separately because I believe that leave was improvidently granted in this case.

The procedural history of this case is substantial. Plaintiff first sought benefits in connection with his son's death in 1982. In 1995, after this Court decided *Weems v*

*Chrysler Corp*, 448 Mich 679; 533 NW2d 287 (1995), this case was remanded to the Worker's Compensation Appellate Commission to recalculate death benefits using the formula set forth in *Weems*. 449 Mich 901 (1995). Today, the majority overrules the *Weems* formula and remands for yet another recalculation using a new formula.

This case has been up and down the worker's compensation and appellate court systems for over twenty years and has been remanded once already to calculate benefits under the now abandoned *Weems* formula. While I remain committed to the formula set forth in my partial dissent to *Weems*, which this Court adopts today, I believe that it is time to put this case to rest. Leave was improvidently granted. Further, I remain committed to the interpretation of the application of the minimum and maximum benefits as expressed in my partial dissent to *Weems*. *Weems*, 448 Mich 711-712, 716-717 (1995).

# STATE OF MICHIGAN

## SUPREME COURT

ROBERT C. LESNER, Father of
Randy Lee Lesner, Deceased,

    Plaintiff-Appellee,

v                                  No. 116205

LIQUID DISPOSAL, INC., and
HARTFORD ACCIDENT AND INDEMNITY,

    Defendant-Appellants.

_____

WEAVER, J. (*dissenting*).

I dissent from the majority's decision to overrule the formula established by this Court in *Weems v Chrysler Corp*, 448 Mich 679; 533 NW2d 287 (1995). As noted by the *Weems* majority, in most instances it is difficult, if not impossible, to calculate the amount contributed by the decedent solely to the support of the partial dependent. *Id.* at 698. The formula articulated in *Weems*, which takes into consideration the dependent person's regular and substantial income, represents a practical, workable formula that gives effect to the statute, MCL 418.321, and is faithful to its

intent.[1]  Therefore, I would not overrule this aspect of the

*Weems* opinion.

---