BOOKER v SHANNON

Docket No. 284937. Submitted September 2, 2009, at Grand Rapids.
Decided September 17, 2009, at 9:00 a.m.

Pentrilla D. Booker, also known as Pentrilla D. Shannon, by the
Berrien County Prosecuting Attorney, brought an action in the
Berrien Circuit Court, Family Division, against Michael T. Shan-
non, seeking an order requiring the defendant to repay the
confinement and pregnancy expenses paid by Medicaid for four
children born to the plaintiff and the defendant while they were
unmarried. The court ordered defendant to repay the expenses.
The defendant paid some of the expenses, married the plaintiff in
1997, and, ten years later, moved to abate the remaining expenses.
The court, John M. Donahue, J., denied the motion on the basis
that the marriage occurred before the effective date of the provi-
sions of MCL 722.712 that provide for the abatement of such
expenses if the father marries the mother after having been
ordered to pay the expenses. The defendant appealed.

The Court of Appeals held:

The trial court erred by determining that the defendant was
not entitled to the abatement of the expenses because he had
already married the plaintiff before the effective date of the
amendatory act. The only requirements for abatement under MCL
722.712(4) are that the father marry the mother after the birth of
the child and provide documentation of that fact. The plain
language of MCL 722.712(5) clearly provides that, although MCL
722.712(4) and (5) were not effective until October 1, 2004, orders
entered before that date are also subject to abatement if the father
marries the mother. The order denying the motion for abatement
must be reversed, and the case must be remanded for an order
abating the defendant's unpaid confinement and pregnancy ex-
penses.

Reversed and remanded.

PARENT AND CHILD — CONFINEMENT AND PREGNANCY EXPENSES — REPAYMENT BY
FATHER — ABATEMENT.

An order for the repayment of a mother's confinement and preg-
nancy expenses must provide that if the father marries the mother

after the birth of the child and provides documentation of this fact, the unpaid confinement and pregnancy expenses are abated; orders for the repayment of such expenses entered before the effective date of an act providing for such abatement are subject to abatement in the same manner as those entered after that date; therefore, a father who marries the mother of his child before the effective date of the act and provides documentation of that fact is entitled to have his obligation for the payment of any unpaid expenses abated (MCL 722.712[4] and [5]).

*Arthur J. Cotter*, Prosecuting Attorney, and *Henry W. Ruis*, Assistant Prosecuting Attorney, for the plaintiff.

*Legal Aid of Western Michigan* (by *Stephanie I. Mullins*), for the defendant.

Before: SERVITTO, P.J., and FITZGERALD and BANDSTRA, JJ.

PER CURIAM. Defendant appeals, by leave granted, the trial court's order denying his motion to abate unpaid confinement and pregnancy expenses. Because defendant was entitled to abatement of the unpaid confinement and pregnancy expenses, pursuant to the plain language of MCL 722.712(4) and (5), we reverse and remand for the entry of an order abating defendant's remaining unpaid confinement and pregnancy expenses.

This matter involves hospital confinement and pregnancy expenses in connection with the birth of four children. Plaintiff, Pentrilla Booker, and defendant, Michael Shannon, the children's parents, were unmarried and Booker was receiving state medical assistance, i.e. Medicaid, when all the children were born. Medicaid thus paid Booker's confinement and pregnancy expenses.

It is undisputed that Shannon has worked only sporadically and has resided with Booker and the chil-

dren since shortly after the birth of their first child up to the present (with the exception of a couple of two-month absences throughout the years). Shannon was ordered to repay the confinement and pregnancy expenses in connection with the births of the children and made payments over the years in the amount of $1,207.

Booker and Shannon married on May 30, 1997. Ten years after the marriage, Shannon moved to abate the remaining confinement expenses (approximately $8,288) on the basis of the language of MCL 722.712. The trial court denied the motion, and this appeal followed.

On appeal, defendant argues that he is entitled to abatement of the unpaid confinement and pregnancy expenses because the applicable statute, MCL 722.712(4) and (5) (as amended by 2004 PA 253), provides for abatement of the expenses if the father marries the mother after there is an order to pay the expenses. Plaintiff agrees. However, the prosecuting attorney, acting for Berrien County, argues that because the marriage must occur *after* the effective date of the amendatory act, defendant is not entitled to the abatement of unpaid confinement and pregnancy expenses. This case presents an issue of first impression in Michigan.

The case requires this Court to consider the meaning of MCL 722.712(4) and (5). Statutory interpretation is a question of law that is reviewed de novo. *Lesner v Liquid Disposal, Inc*, 466 Mich 95, 99; 643 NW2d 553 (2002). *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389-390; 559 NW2d 98 (1996), provides:

> The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. Statutory language should be con-

strued reasonably, keeping in mind the purpose of the statute. The first criterion in determining intent is the specific language of the statute. If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written. However, if reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. [Citations omitted.]

If judicial construction is warranted, this Court should construe the statute according to its common meaning. *Jordan v Jarvis*, 200 Mich App 445, 451; 505 NW2d 279 (1993).

MCL 722.712 provides, in pertinent part:

(1) The parents of a child born out of wedlock are liable for the necessary support and education of the child. They are also liable for the child's funeral expenses. Subject to subsections (2) and (3), based on each parent's ability to pay and on any other relevant factor, the court may apportion, in the same manner as medical expenses of the child are divided under the child support formula, the reasonable and necessary expenses of the mother's confinement and expenses in connection with her pregnancy between the parents and require the parent who did not pay the expense to pay his or her share of the expense to the other parent. At the request of a person other than a parent who has paid the expenses of the mother's confinement or expenses in connection with her pregnancy, the court may order a parent against whom the request is made to pay to the person other than a parent the parent's share of the expenses.

* * *

(3) If medicaid has paid the confinement and pregnancy expenses of a mother under this section, the court shall not apportion confinement and pregnancy expenses to the mother. After the effective date of the amendatory act that added this subsection, based on the father's ability to pay and any other relevant factor, the court may apportion not

more than 100% of the reasonable and necessary confinement and pregnancy costs to the father. If medicaid has not paid the confinement and pregnancy expenses of the mother under this section, the court shall require an itemized bill for the expenses upon request from the father before an apportionment is made.

(4) The court order shall provide that if the father marries the mother after the birth of the child and provides documentation of the marriage to the friend of the court, the father's obligation for payment of any remaining unpaid confinement and pregnancy expenses is abated subject to reinstatement after notice and hearing for good cause shown, including, but not limited to, dissolution of the marriage. The remaining unpaid amount of the confinement and pregnancy expenses owed by the father is abated as of the date that documentation of the marriage is provided to the friend of the court.

(5) Each confinement and pregnancy expenses order entered by the court on or before the effective date of the amendatory act that added this subsection shall be considered by operation of law to provide for the abatement of the remaining unpaid confinement and pregnancy expenses if the father marries the mother and shall be implemented under the same circumstances and enforced in the same manner as for the abatement of confinement and pregnancy expenses provided by subsection (4).

MCL 722.712(3), (4), and (5), as well as a revised portion of subsection (1), became effective on October 1, 2004.

The plain language of MCL 722.712(4) clearly provides that an order for repayment of confinement and pregnancy expenses shall provide that if the father marries the mother after the birth of the child and provides documentation of this fact, the unpaid confinement and pregnancy expenses are abated. The plain language of MCL 722.712(5) clearly provides that, although subsections 4 and 5 were not effective until October 1, 2004, orders entered before October 1, 2004,

are also subject to abatement "if the father marries the mother . . . ." Further, subsection 5 is implemented under the same circumstances and enforced in the same manner as subsection 4. MCL 722.712(5). Because the only requirements for abatement under MCL 722.712(4) are that the father marries the mother after the birth of the child and provides documentation of this fact, a plain reading of MCL 722.712(5) results in a finding that orders for the repayment of confinement and pregnancy expenses entered before October 1, 2004, are also subject to abatement if the father marries the mother after the birth of the child and provides documentation of this fact. Simply put, MCL 722.712(5) places fathers who had an order providing for the payment of confinement and pregnancy expenses entered before October 1, 2004, on the same footing as fathers who had an order entered after October 1, 2004.

The prosecuting attorney argues that because the language "if the father marries the mother" employs a future tense, the marriage of the mother must take place after the effective date of the amendatory act. While the word "marries" admittedly implies a future action, to apply the statute in the limited fashion suggested by the prosecutor would not only require impermissible speculation regarding legislative intent beyond the words used, it would also undermine the entire purpose behind the statute.

First, the statutory language at issue simply reads, "if the father marries the mother . . . ." It does not read "if the father marries the mother after the effective date of this act." "This Court will not read anything into a statute that is not within the manifest intent of the Legislature as gleaned from the language of the statute itself . . . ." *Tyson Foods, Inc v Dep't of Treasury,* 276 Mich App 678, 690; 741 NW2d 579 (2007). Again,

MCL 722.712(4) provides that if the father marries the mother after the birth of the child, the father's obligation for payment of any remaining unpaid confinement and pregnancy expenses is abated (subject to reinstatement under specific circumstances). MCL 722.712(5) indicates that orders for the payment of such expenses entered by the court before the effective date of the amendatory act shall be treated in the same manner as those entered after the effective date of the amendatory act. Thus, one who marries the mother of his child *before* the date of the amendatory act is to be treated in exactly the same manner as one who marries the mother of his child *after* the date of the amendatory act.

Secondly, MCL 722.712(4) and (5) not only encourage parents of a child to marry, but also encourage the parents to *remain* married. This is evident from the language in subsection 4, which provides that the abated expenses are subject to reinstatement after dissolution of the marriage. MCL 722.712(4). This language also applies to subsection 5. MCL 722.712(5). If the prosecutor's interpretation of the statute were employed, a couple in Booker and Shannon's position could be compelled to divorce and remarry in order to alleviate the father's obligation to pay the unpaid confinement and pregnancy expenses. Surely, the Legislature did not intend and would not encourage such a consequence.

Moreover, we believe that a father should not be penalized for marrying the mother and creating a family unit on his own accord, rather than merely marrying the mother in order to alleviate his obligation to pay the unpaid confinement and pregnancy expenses, which may be the case in some circumstances. On the basis of the foregoing, we conclude that the trial court erred when it determined that defendant was not

entitled to abatement of the unpaid confinement and pregnancy expenses, pursuant to the plain language of MCL 722.712(4) and (5), because he had already married the mother of his children before the effective date of the amendatory act.

Reversed and remanded for the entry of an order abating defendant's unpaid confinement and pregnancy expenses. We do not retain jurisdiction.