PARISE v DETROIT ENTERTAINMENT, LLC

Docket No. 295183. Submitted September 13, 2011, at Detroit. Decided
September 20, 2011. Approved for publication December 6, 2011,
at 9:10 a.m. Leave to appeal denied, 491 Mich 915.

Italo M. Parise brought an action in the Wayne Circuit Court,
seeking to recover his gambling losses at Detroit Entertainment,
L.L.C., doing business as MotorCity Casino. Parise alleged that he
lost more than $600,000 at the casino between 2002 and 2009 and
asserted that he had a right to recover his gambling losses under
MCL 600.2939(1). The parties filed cross-motions for summary
disposition. MotorCity Casino argued that under § 3(3) of the
Michigan Gaming Control and Revenue Act (MGCRA), MCL
432.203(3), Parise was precluded from relying on MCL 600.2939(1)
to recover his losses. The court, Michael F. Sapala, J., agreed and
granted MotorCity's motion. Parise appealed.

The Court of Appeals *held*:

When two statutes are *in pari materia* but conflict with one
another on a particular issue, the more specific statute controls
over the more general statute. In addition, a more recently enacted
law takes precedence over an older statute, especially when one
statute is both the more specific and the more recent. MCL
600.2939(1) is a general statute that allows a party to recover for
the loss of money or goods through gaming. The MGCRA, to which
MotorCity Casino is subject as a Detroit casino licensee, takes
precedence over the gaming-loss-recovery provision in MCL
600.2939(1) because it is a more specific act that applies directly to
legalized non-Indian casino gambling in Detroit. MCL 432.203(3)
provides that any law inconsistent with the MGCRA does not
apply to casino gaming as provided for by the MGCRA. Under
MCL 432.203(3), MotorCity Casino would not be subject to liabil-
ity for a patron's gambling losses because it would be inconsistent
with the legalization of casino gambling provided for by the
MGCRA. The circuit court properly concluded that Parise, as a
participant in legalized casino gambling, could not claim the
remedy provided by MCL 600.2939(1).

Affirmed.

STATUTES — GAMING — MICHIGAN GAMING CONTROL AND REVENUE ACT —
    RECOVERY OF GAMBLING LOSSES.

    MCL 600.2939(1), which allows a party to recover for the loss of
    money or goods through gaming, does not apply to casino gaming
    in Detroit; § 3(3) of the Michigan Gaming Control and Revenue
    Act (MGCRA), MCL 432.203(3), provides that any law inconsistent
    with the MGCRA does not apply to casino gaming in Detroit as
    provided for by the MGCRA; the MGCRA applies specifically to
    legalized non-Indian casino gambling in Detroit and a casino
    operating in Detroit under the MGCRA is not subject to liability
    under MCL 600.2939(1) for a patron's gambling losses because it
    would be inconsistent with the legalization of casino gambling.

Italo M. Parise *in propria persona.*

*Nemeth Burwell, P.C.* (by *Patricia Nemeth* and *Deborah Brouwer*), for Detroit Entertainment, L.L.C.

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and JANSEN, JJ.

PER CURIAM. Plaintiff brought this action to recover his gambling losses at defendant's casino pursuant to MCL 600.2939(1). The parties filed cross-motions for summary disposition. The trial court denied plaintiff's motion and granted defendant's motion under MCR 2.116(C)(8). Plaintiff now appeals as of right and we affirm.

Plaintiff alleges that between 2002 and 2009, he lost more than $600,000 gambling at defendant MotorCity Casino in Detroit. Plaintiff filed this action asserting a right to recover his gambling losses under MCL 600.2939(1). In lieu of filing an answer to plaintiff's complaint, defendant, a casino subject to the Michigan Gaming Control and Revenue Act (MGCRA), MCL 432.201 *et seq.*, filed a motion for summary disposition under MCR 2.116(C)(8). Defendant argued that § 3(3) of the MGCRA, MCL 432.203(3), precluded plaintiff from relying on MCL 600.2939(1) to recover his losses

incurred while legally gambling at MotorCity Casino. The trial court agreed and granted defendant's motion.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Newton v Bank West*, 262 Mich App 434, 437; 686 NW2d 491 (2004). The motion should be granted only if no factual development could justify recovery. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006).

This appeal also involves a question of statutory interpretation, which is reviewed de novo as a question of law. *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Booker v Shannon*, 285 Mich App 573, 575; 776 NW2d 411 (2009). "When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted." *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). "Courts must give effect to every word, phrase, and clause in a statute, and must avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id.* "Statutes that relate to the same subject matter or share a common purpose are *in pari materia* and must be read together as one law . . . to effectuate the legislative purpose as found in harmonious statutes." *In re Project Cost & Special Assessment Roll for Chappel Dam*, 282 Mich App 142, 148; 762 NW2d 192 (2009). "If two statutes lend themselves to a construction that avoids conflict, that construction should control." *Id.* "When two statutes are *in pari materia* but conflict

with one another on a particular issue, the more specific statute must control over the more general statute." *Donkers v Kovach*, 277 Mich App 366, 371; 745 NW2d 154 (2007). "[T]he rules of statutory construction also provide that a more recently enacted law has precedence over the older statute." *Travelers Ins v U-Haul of Mich, Inc*, 235 Mich App 273, 280; 597 NW2d 235 (1999). "This rule is particularly persuasive when one statute is both the more specific and the more recent." *Id.*

In 1996, Michigan voters passed the ballot initiative Proposal E to allow the operation of up to three casinos in qualifying cities. The Legislature implemented Proposal E by passing the MGCRA to regulate legalized casino gambling in Detroit. Defendant is one of the three casino licensees permitted to operate a casino in Detroit and is subject to the MGCRA. Plaintiff contends that despite the passage of Proposal E and the enactment of the MGCRA, he is entitled to recover his gambling losses from defendant under § 2939(1) of the Revised Judicature Act, MCL 600.2939(1), which provides:

> In any suit brought by the person losing any money or goods, against the person receiving the same, when it appears from the complaint that the money or goods came to the hands of the defendant by gaming, if the plaintiff makes oath before the court in which such suit is pending, that the money or goods were lost by gaming with the defendant as alleged in the complaint, judgment shall be rendered that the plaintiff recover damages to the amount of the said money or goods, unless the defendant makes oath that he did not obtain the same, or any part thereof by gaming with the plaintiff; and if he so discharges himself, he shall recover of the plaintiff his costs; but the plaintiff may at his election, maintain and prosecute his action according to the usual course of proceedings in such actions at common law.

Whereas MCL 600.2939(1) is a general statute that purports to apply to money or goods lost through gaming, the MGCRA is a specific act that governs legalized non-Indian casino gambling in Detroit. It is undisputed that defendant is a Detroit casino licensee subject to the MGCRA. Section 3 of the MGCRA provides that "[a]ny other law that is inconsistent with this act does not apply to casino gaming as provided for by this act." MCL 432.203(3). Subjecting defendant to liability for patrons' gambling losses under MCL 600.2939(1) would be plainly inconsistent with the legalization of casino gambling as provided for by Proposal E and the MGCRA.

Plaintiff contends that Proposal E must be strictly construed to reflect the voters' limited intention of "tolerating" legalized casino gaming in Detroit, without repealing or abrogating any gambling laws except criminal statutes prohibiting casino gambling. Plaintiff contends that the MGCRA provides a restrictive definition of "gaming," see MCL 432.202(x), that is narrower than the common-law definition and therefore has no effect on MCL 600.2939(1), which incorporates the common-law definition. Plaintiff asserts that because the common-law and MGCRA definitions of gaming are distinct, it is possible for a casino patron to engage in "gaming" under MCL 600.2939(1) but not "casino gaming" under the MGCRA. He maintains that in the casino-gambling situation, the house (i.e., the casino licensee) will always be engaged in casino gaming under MCL 432.202(x), but the patron might be engaged in common-law gaming of the type regulated by MCL 600.2939(1). Plaintiff also argues that the MGCRA governs only the casinos, and not the casinos' patrons.

We find no merit in plaintiff's arguments. Plaintiff does not contend that he was engaged in anything other

than statutorily approved casino gaming while gambling in defendant's casino, placing bets against the casino licensee in games approved by the Michigan Gaming Control Board (MGCB). See MCL 432.202(v). Plaintiff's assertion that only the casino licensee, and not the patron, are engaged in casino gambling is untenable. Although plaintiff suggests that casino patrons are not governed by the MGCRA, we note that MCL 432.204(17)(d)(*iii*) clearly provides that the MGCB has the authority to promulgate rules to "[l]icense and regulate persons participating in or involved with casino gaming authorized in this act." As a participant in legalized casino gambling, plaintiff cannot claim the remedy provided by MCL 600.2939(1), which is clearly inconsistent with the MGCRA. MCL 432.203(3). Accordingly, the trial court did not err by ruling that plaintiff had failed to state a claim for relief under MCL 600.2939(1). Summary disposition was properly granted. MCR 2.116(C)(8).

Plaintiff also argues that defendant was not entitled to summary disposition on the ground that he failed to exhaust his administrative remedies under the MGCRA before filing his circuit court complaint. Although defendant argued in its motion for summary disposition that the trial court lacked subject-matter jurisdiction over plaintiff's action because plaintiff had failed to exhaust his administrative remedies with the MGCB, the trial court did not decide this issue. Instead, the trial court dismissed plaintiff's complaint solely for failing to state a legally cognizable claim. In light of our conclusion that plaintiff failed to state a legally cognizable claim for relief under MCL 600.2939(1) and that summary disposition was therefore proper under MCR 2.116(C)(8), it is unnecessary to consider this latter issue.

We likewise need not consider any of the other remaining arguments raised by the parties on appeal.

Affirmed.

RONAYNE KRAUSE, P.J., and CAVANAGH and JANSEN, JJ., concurred.