*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUSS M. BELCHER,

        Plaintiff-Appellee,

v

FORD MOTOR CO.,

        Defendant-Appellant.

FOR PUBLICATION
September 17, 2020
9:25 a.m.

No. 348603
MCAC
LC No. 16-000012

Before: CAVANAGH, P.J., and BORRELLO and TUKEL, JJ.

TUKEL, J.

In this workers' compensation action, defendant appeals by leave granted[1] the order entered by the Michigan Compensation Appellate Commission (MCAC), which affirmed the magistrate's decision that plaintiff was entitled to reimbursement for massage therapy. The MCAC concluded that plaintiff's massage therapy was not considered physical therapy under MCL 418.315(1) and that plaintiff's massage therapy costs were compensable as reasonable and necessary. The only issue before us is whether plaintiff's massage therapy was compensable as worker's compensation under MCL 418.351(1). We conclude that it is not, because massage therapy is a form of physical therapy, which was not ordered by a doctor; consequently, plaintiff did not receive his massage therapy "pursuant to a prescription from a health care professional." We also conclude that because massage therapy is physical therapy, and because the massage therapist who treated plaintiff was neither a licensed physical therapist nor a physical therapist assistant under the supervision of a licensed physical therapist, the massage services were not compensable in any event. As such, we vacate the MCAC's order awarding worker's compensation benefits to plaintiff to pay for his massage therapy.

---

[1] *Belcher v Ford Motor Co*, unpublished order of the Court of Appeals, entered September 11, 2019 (Docket No. 348603).

## I. UNDERLYING FACTS

Plaintiff was injured in 2006 while working for defendant. Plaintiff's injuries required medical treatment for his back, right leg, and headaches. As a result of his injuries, beginning in 2008, plaintiff received worker's compensation benefits from defendant. Although he was not referred to massage therapy by his doctor, plaintiff chose to begin receiving massage therapy in October 2014, after his physical therapy was terminated. Once he began receiving massages, plaintiff typically went to a massage parlor for massages from a licensed massage therapist twice a week. Plaintiff's doctor reported that plaintiff's condition appeared to improve after he received massage therapy, but that the improvement would last only a few days after each massage. A doctor retained by defendant to examine plaintiff, however, concluded that massage therapy would not change plaintiff's overall diagnosis or functional abilities.

Because defendant refused to pay for plaintiff's massage therapy, plaintiff initiated this action seeking reimbursement for his massage therapy expenses. The magistrate who first heard plaintiff's claim concluded that plaintiff's massage therapy was reasonable and necessary. Thus, the magistrate ordered defendant to pay for plaintiff's massage therapy. Defendant appealed that decision to the MCAC, but the MCAC affirmed the magistrate's order, concluding that plaintiff's massage therapy was reasonable and necessary and that defendant must pay for plaintiff's massage therapy. This appeal followed.

## II. STANDARD OF REVIEW

As explained by our Supreme Court in *Schmaltz v Troy Metal Concepts, Inc*, 469 Mich 467, 471; 673 NW2d 95 (2003),

> Findings of fact made or adopted by the [MCAC] are conclusive on appeal, absent fraud, if there is any competent supporting evidence in the record, but a decision of the [MCAC] is subject to reversal if the [MCAC] operated within the wrong legal framework or if its decision was based on erroneous legal reasoning. Questions of law arising in any final order of the [MCAC] are reviewed by this Court under a de novo standard of review. Unless clearly erroneous, the Courts are to give great weight to the interpretation of a statute placed upon it by the administrative body whose job it is to apply the statute. [Citations omitted.]

That being said, "if an administrative agency's interpretation of a statute is contrary to the statute's plain meaning, the intent of the Legislature as expressed in the statutory language must prevail." *Guardian Environmental Servs, Inc v Bureau of Constr Codes & Fire Safety, Dept' of Labor & Economic Growth*, 279 Mich App 1, 10; 755 NW2d 556 (2008). Indeed, "[t]he judiciary alone is the final authority on questions of statutory interpretation and must overrule administrative interpretations that are contrary to clear legislative intent." *Id*. at 11.

## III. PRINCIPLES OF STATUTORY INTERPRETATION

This Court and the Michigan Supreme Court have described the rules of statutory construction as follows:

The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute's language. If the statute's language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [*PNC Nat'l Bank Ass'n v Dep't of Treasury*, 285 Mich App 504, 506; 778 NW2d 282 (2009), quoting *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001).]

"A provision of a statute is ambiguous only if it irreconcilably conflicts with another provision or is equally susceptible to more than a single meaning." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019). "Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *In re Smith Estate*, 252 Mich App 120, 124; 651 NW2d 153 (2002). That being said, "technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." MCL 8.3a.

Finally, statutes that address similar subject matters should be read together as one law:

Statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. The object of the *in pari materia* rule is to give effect to the legislative intent expressed in harmonious statutes. If statutes lend themselves to a construction that avoids conflict, that construction should control. [*In re AGD*, 327 Mich App at 344 (citations and quotation marks omitted).]

Furthermore,

When two statutes are *in pari materia* but conflict with one another on a particular issue, the more specific statute must control over the more general statute. The rules of statutory construction also provide that a more recently enacted law has precedence over the older statute. This rule is particularly persuasive when one statute is both the more specific and the more recent. [*Parise v Detroit Entertainment, LLC*, 295 Mich App 25, 27-28; 811 NW2d 98 (2011) (citations, quotation marks, and brackets omitted).]

IV.  ANALYSIS

A.  REIMBURSEMENT FOR MASSAGE THERAPY UNDER THE WDCA AND THE PUBLIC HEALTH CODE

Defendant argues that the MCAC improperly analyzed a provision of the Worker's Disability Compensation Act of 1969 (WDCA), MCL 418.101 *et seq*. Defendant argues that "physical therapy services" as used in MCL 418.315(1) includes massage therapy. "[T]he WDCA is a remedial statute that should be liberally construed to grant rather than deny benefits."

*DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000) (quotation marks and citations omitted).

MCL 418.315(1) provides, in relevant part:

> The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. . . . An employer is not required to reimburse or cause to be reimbursed charges for services performed by a profession that was not licensed or registered by the laws of this state on or before January 1, 1998, but that becomes licensed, registered, or otherwise recognized by the laws of this state after January 1, 1998. *An employer is not required to reimburse or cause to be reimbursed charges for a physical therapy service unless that service was provided by a licensed physical therapist or physical therapist assistant under the supervision of a licensed physical therapist pursuant to a prescription from a health care professional who holds a license issued under part 166, 170, 175, or 180 of the public health code, 1978 PA 368, MCL 333.16601 to 333.16648, 333.17001 to 333.17084, 333.17501 to 333.17556, and 333.18001 to 333.18058, or the equivalent license issued by another state.* [Emphasis added.]

The emphasized portion of the statute excludes coverage under the WDCA for a "physical therapy service" unless (1) that service is both "provided by a licensed physical therapist or physical therapist assistant under the supervision of a licensed physical therapist" *and* (2) is rendered "pursuant to a prescription from a health care professional who holds a license issued under" specific sections of the Public Health Code, MCL 333.1101 *et seq*. MCL 418.315(1). Those areas are: (1) dentistry, MCL 333.16601 to 333.16648; (2) medicine or genetic counseling, MCL 333.17001 to 333.17084; (3) osteopathic medicine and surgery, MCL 333.17501 to 333.17556, and (4) podiatric medicine and surgery, MCL 333.18001 to 333.18058. MCL 418.315(1).

The WDCA does not expressly define "physical therapy service." Rather, the Public Health Code regulates the practice of physical therapy, MCL 333.17820.[2] A "physical therapist" is "an individual licensed under this article to engage in the practice of physical therapy," MCL 333.17801(a). A "physical therapist assistant" is "an individual with a health profession subfield

---

[2] MCL 418.315(1) and the Public Health Code's provisions addressing physical therapy should be read *in pari materia*. The WDCA, at MCL 418.315(1), refers to the Public Health Code, but does not otherwise define physical therapy or physical therapy service; meanwhile, the Public Health Code addresses and defines physical therapy. See *In re AGD*, 327 Mich App at 344. The two statutes thus pertain to the same subject matter—the provision of physical therapy to patients— and thus should be interpreted harmoniously, if possible, under the *in pari materia* rules of construction.

license under this part who assists a physical therapist in physical therapy intervention." The "practice of physical therapy" is defined as

> the evaluation of, education of, consultation with, or treatment of an individual by the employment of effective properties of physical measures and the use of therapeutic exercises and rehabilitative procedures, with or without assistive devices, for the purpose of preventing, correcting, or alleviating a physical or mental disability. Physical therapy includes treatment planning, performance of tests and measurements, interpretation of referrals, initiation of referrals, instruction, consultative services, and supervision of personnel. *Physical measures include massage*, mobilization, heat, cold, air, light, water, electricity, and sound. Practice of physical therapy does not include the identification of underlying medical problems or etiologies, establishment of medical diagnoses, or the prescribing of treatment. [MCL 333.17801(d) (emphasis added).]

The "practice of physical therapy" thus specifically includes "massage." MCL 333.17801. As such, "massage" is a physical therapy service under MCL 418.315(1), and, as noted, under the WDCA, "An employer is not required to reimburse or cause to be reimbursed charges for a physical therapy service unless that service was provided by a licensed physical therapist or physical therapist assistant under the supervision of a licensed physical therapist[.]"

### B. REIMBURSEMENT FOR MASSAGE THERAPY AS APPLIED TO THE FACTS OF THIS CASE

Plaintiff concedes his massage therapy was performed by a massage therapist, not a physical therapist or physical therapist assistant; he also concedes that he did not receive a prescription for massage therapy. Rather, plaintiff argues that the MCAC correctly determined that MCL 418.315(1) did not apply to the case because the massage therapy received by plaintiff was performed by a licensed massage therapist; massage therapy is authorized under the Public Health Code; and massage therapy is not prohibited under part 178 of the Public Health Code (MCL 333.17801, *et seq*.), discussed above, which addresses physical therapists.[3]

---

[3] MCL 333.17951(1)(a) defines "massage therapist" as "an individual engaged in the practice of massage therapy." The "practice of massage therapy" means

> the application of a system of structured touch, pressure, movement, and holding to the soft tissue of the human body in which the primary intent is to enhance or restore the health and well-being of the client. Practice of massage therapy includes complementary methods, including the external application of water, heat, cold, lubrication, salt scrubs, body wraps, or other topical preparations; and electromechanical devices that mimic or enhance the actions possible by the hands. *Practice of massage therapy does not include* medical diagnosis; practice of physical therapy; high-velocity, low-amplitude thrust to a joint; electrical

Plaintiff is correct that MCL 333.17819 permits individuals licensed under the Public Health Code to "perform[] activities that are considered the practice of physical therapy . . . so long as those activities are within the individual's scope of practice." As such, licensed massage therapists may perform massages even though massages are defined as falling within the practice of physical therapy. See *id*. But the issue in this case is not whether plaintiff's massage therapists were permitted to massage him without violating the Public Health Code. Rather, the issue in this case is whether plaintiff is entitled to reimbursement under the WDCA for his massages. The fact that plaintiff's massage therapist could massage him without violating the Public Health Code has no bearing on whether a massage is a "physical therapy service" and, consequently, whether defendant was required by the WDCA to pay for plaintiff's massages. As massage therapy is a "physical therapy service," and as plaintiff's massages were admittedly not performed by licensed physical therapists, defendant was not required to reimburse for them. See MCL 418.315(1).

## C. MASSAGE THERAPY IS A PROFESSION THAT DID NOT REQUIRE LICENSING OR REGULATION BEFORE JANUARY 1, 1998

Furthermore, MCL 418.315(1) explicitly provides that "[a]n employer is not required to reimburse or cause to be reimbursed charges for services performed by a profession that was not licensed or registered by the laws of this state on or before January 1, 1998, but that becomes licensed, registered, or otherwise recognized by the laws of this state after January 1, 1998."[4] Massage therapists were first required to be licensed as a result of 2008 PA 471, which became effective January 9, 2009. MCL 333.17957(1). Thus, under the WDCA, an employer is not required to reimburse for *any* service performed by a massage therapist. Additionally, MCL 333.17969 provides that "[t]his part does not require new or additional third-party reimbursement or mandated worker's compensation benefits for services rendered by" an individual licensed as a massage therapist. As such, the Public Health Code does not require worker's compensation benefits for massage therapy. Consequently, the WDCA controls whether compensation for massage therapy is required.

The WDCA does not prohibit reimbursement for massages. Rather, the WDCA only *requires* reimbursement for massages if they are (1) prescribed by certain health care professionals and (2) performed by a licensed physical therapist or physical therapist assistant under the supervision of a licensed physical therapist. MCL 418.315(1). Neither requirement was met here. Plaintiff did not receive a prescription for his massages and they were performed by massage therapists, not physical therapists or physical therapist assistants under the supervision of a

---

stimulation; application of ultrasound; or prescription of medicines. [MCL 333.17951(1)(d) (emphasis added).]

[4] This sentence of MCL 418.315(1) contains a double negative. If written with positive wording, rather than negative, it would read: "[a]n employer is only required to reimburse or cause to be reimbursed charges for services performed by a profession that was licensed or registered by the laws of this state on or before January 1, 1998, but is not required to reimburse or cause to be reimbursed charges for services performed by a profession that becomes licensed, registered, or otherwise recognized by the laws of this state after January 1, 1998."

licensed physical therapist. Thus, plaintiff is not entitled to worker's compensation reimbursement from defendant for his massages.

## V. CONCLUSION

We vacate the MCAC's order requiring defendant to pay for plaintiff's massage therapy and remand for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Jonathan Tukel
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello