Per Curiam.
The plaintiffs filed a malpractice action that the circuit court dismissed on the ground that the limitation period had expired. The Court of Appeals affirmed. Because we agree with the plaintiffs that their suit was timely, we reverse in part the judgments of the circuit court and the Court of Appeals.
i
From 1974 until 1996, accountants Mark L. Martin and Gerald Hoskow[1] prepared the annual tax returns *481 of Martin I. Levy, D.D.S.[2] As the result of an audit by the Internal Revenue Service, Dr. Levy was required to pay additional taxes for 1991 and 1992, as well as penalties and interest.[3] He also incurred legal expenses and additional accounting expenses.[4]
In August 1997, Dr. Levy filed in circuit court a complaint in which he alleged that losses exceeding ninety thousand dollars had been caused by the malpractice of Messrs. Martin and Hoskow.[5]
The 1991 and 1992 tax returns of which Dr. Levy complained were prepared and submitted in 1992 and 1993, respectively. Observing that the limitation period for a malpractice action is two years,[6] Messrs. Martin and Hoskow filed a motion to dismiss in lieu of an answer.[7] The circuit court agreed that the malpractice claim was not timely, and dismissed the complaint on that basis.[8]
*482 The Court of Appeals affirmed.[9] In a separate opinion, Judge Whitbeck dissented, expressing the belief that the malpractice claim had been filed timely.[10]
Dr. Levy has applied to this Court for leave to appeal.
ii
As indicated, the limitation period for a malpractice claim is two years.*[11] The present dispute concerns the date on which Dr. Levy’s malpractice claim accrued, i.e., the date on which the two-year period began to run.
To resolve this issue, we turn to MCL 600.5838; MSA 27A.5838.[12] That section[13] provides that a mai- *483 practice claim “accrues at the time that person discontinues serving the plaintiff in a professional .. . capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.” MCL 600.5838(1); MSA 27A.5838(1).
In Morgan v Taylor, 434 Mich 180; 451 NW2d 852 (1990), this Court explained this “last treatment rule,” from its development in De Haan v Winter, 258 Mich 293, 296-297; 241 NW 923 (1932), through the subsequent codification in MCL 600.5838; MSA 27A.5838 and the statutory amendments enacted as 1986 PA 178.
The plaintiffs in Morgan filed two complaints in 1985, alleging malpractice in connection with a 1981 optometric examination. An examination also had been conducted in 1983, less than two years before the complaints were filed, and the issue in Morgan was whether “routine, periodic examinations” extend the limitation period. Resolving the question, this Court wrote:
In the instant case defendant argues that the rationale underlying the last treatment rule does not apply in the context of routine, periodic examinations. It is contended that there is no air of truthfulness and trust once the examination is concluded. We disagree. It is the doctor’s assurance upon completion of the periodic examination that the patient is in good health which induces the patient to take *484 no further action other than scheduling the next periodic examination.
Particularly in light of the contractual arrangement which bound defendant and entitled plaintiff to periodic eye examinations,[14] it cannot be said that the relationship between plaintiff and defendant terminated after each visit. The obligation and responsibility of defendant to provide glaucoma testing extended beyond the 1981 examination of plaintiff’s eyes. We conclude that defendant did not discontinue “treating or otherwise serving”[15] plaintiff “as to the matters out of which the claim for malpractice arose” until August 18, 1983. Thus, we hold that the claim of plaintiff is not barred by the statute of limitations.[19]
Since the facts here are unique, and the Legislature has now repealed the last treatment rule as it applied to medical malpractice,[16] we limit our holding to the facts of this case.
[434 Mich 194.]
rot
In the present case, the Court of Appeals said that “[t]he preparation of yearly tax returns is not analogous to the periodic eye examinations in Morgan v *485 Taylor, [supra],” since “[e]ach individual tax return reflects the examination of a discrete, contained body of information.”
Writing in dissent, Judge Whitbeck disagreed about the applicability of Morgan. He countered that its analysis of the statute was “instructive and, in appropriate circumstances, controlling.” He continued with an analysis that we find persuasive, and adopt as our own:
I consider a faithful application of the legal principles enunciated in Morgan to control the issue at hand. A health professional and patient on the one hand are similarly situated in this regard to an accountant who provides annual income tax preparation services and the accountant’s client. As, under the rationale of the last treatment rule, a patient was (before the amendment of § 5838[1] making it inapplicable to medical malpractice claims) entitled to rely “completely” on the health professional and not inquire into the effectiveness of the health professional’s measures prior to the termination of the relationship, an accountant’s client is likewise entitled to rely “completely” on the account’s [sic: accountant’s] skills and effectiveness until the termination of the relationship. A patient who attended a periodic examination and was not diagnosed with any medical problem was under the rationale of the last treatment rule provided with an “assurance” of good health that induced the patient to take no further action to investigate the pertinent health matters until the next periodic examination. Likewise, a client who entrusts preparation of annual tax returns to an accountant is provided with an assurance of professional preparation of the tax returns that induces the client to take no further action regarding those matters until it is time to prepare the next year’s tax returns. As discussed above, accepting the well-pleaded allegations of the complaint as true, [Home Ins Co v Detroit Fire Extinguisher Co, Inc, 212 Mich App 522, 527-528; 538 NW2d 424 (1995)], defendants prepared annual tax returns for plaintiffs from 1974 until 1996 — encompassing the times of the *486 alleged professional negligence in preparing the 1991 and 1992 tax returns. Thus, I conclude that, based on the well-pleaded allegations of plaintiffs’ complaint, under the last treatment rule of § 5838(1) as explained in Morgan, plaintiffs’ possible claim did not accrue — meaning the statute of limitations did not begin to run — until at least 1996. The complaint in this case was filed in 1997 and thus was plainly within the applicable limitation period, which was two years as noted by the majority. Thus, in my view, the trial court erred by granting summary disposition in favor of defendants under MCR 2.116(C)(7) based on the statute of limitations.
I respectfully disagree with the majority’s attempt to distinguish the “continuing care of one patient’s set of eyes in Morgan, supra," from what the majority describes as “the series of unrelated tax calculations in this case.” . . . The touchstone of the analysis in Morgan was the continuing professional relationship between a professional and the person receiving the professional’s services with regard to a particular subject matter, not any direct connection between the work performed by the professional at continuing periodic sessions during that relationship. The alleged negligence in Morgan occurred during a glaucoma test on the principal plaintiff in Morgan at a 1981 eye examination. Morgan, supra at 182-183. The principal plaintiff in Morgan did not return to the defendant optical company for an examination until 1983 for his next routine eye examination. Id. at 182. There is no indication in Morgan that the manner in which the eye examination was conducted in 1983 had any direct connection to the performance of the 1981 glaucoma test. Nevertheless, the Morgan Court concluded that, due to the statutory “last treatment” rule, the statute of limitations with regard to alleged negligence in the 1981 glaucoma test did not begin to run on the date it was performed because of the continuing professional relationship between the patient and the optical company.
Similarly, in this case, plaintiffs’ complaint alleges, without any contrary documentary evidence in the record, the existence of a continuing relationship of tax preparer and client that did not end until 1996. Until the end of that rela *487 tionship, for purposes of applying the “last treatment” rule and thereby ascertaining whether the statute of limitations bars this suit, plaintiffs had “no duty to inquire into the effectiveness of [defendants’] measures” until the end of the professional relationship. Id. at 188 (citation omitted).[3]
I note that it may (or may not) be wise for MCL 600.5838(1); MSA 27A.5838(1) to be amended to completely abolish the “last treatment” rule. However, “[t]he wisdom of the provision in question in the form in which it was enacted is a matter of legislative responsibility with which the courts may not interfere.” Morgan, supra at 192, quoting Melia v Employment Security Comm, 346 Mich 544, 561; 78 NW2d 273 (1956). Our duty is to faithfully apply the legislatively adopted policy of the “last treatment” rule to claims of professional malpractice, other than medical malpractice, not to attempt to limit that policy by an unduly narrow application.
[Emphasis in original.]
We respectfully disagree with the dissent’s assertion that this case should be distinguished from Morgan on the ground that Morgan involved the continuing treatment of the same set of eyes while this case involves discrete tax calculations. The basis for our disagreement comes from a review of the development of the last treatment rule in Michigan.
*488 Over six decades ago, in De Haan, supra at 296-297, this Court applied the common-law last treatment rule in holding that a patient’s claim of professional malpractice for treatment of a fracture in his leg did not commence to run “while treatment of the fracture continues” as “[d]uring the course of treatment plaintiff was not put to inquiry relative to the treatment accorded him.” Thereafter, codifying what it wished to have as the last treatment rule, the Legislature, as part of the Revised Judicature Act, enacted MCL 600.5838; MSA 27A.5838 in its original form:[17]
A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose.
This statute constituted not only a codification, but also an expansion of the common-law last treatment rule. First, the statute expanded the common-law rule because it applied to a “member of a state licensed profession” meaning that the last treatment rule was extended not just to medically licensed, but to non-medical state licensed professionals. Moreover, the statutory language “discontinues treating or otherwise serving the plaintiff ... as to the matters out of which the claim for malpractice arose” extended the last treatment rule of De Haan to matters other than treating a specific recognized injury. How broadly to read “the matters out of which the claim for malprac *489 tice arose” was addressed by this Court in Morgan. There, unlike the situation in De Haan, the plaintiff was not receiving treatment for a specific ailment, but rather was receiving periodic eye examinations from the defendants. This Court held that it was those examinations, not any injury, that constituted “the matters out of which the claim for malpractice arose.”[18] Using the same reasoning, it is clear here that plaintiffs, rather than receiving professional advice for a specific problem, were receiving generalized tax preparation services from defendants. These continuing services, just like the continuous eye examinations in Morgan, to be consistent with the Morgan approach, must be held to constitute “the matters out of which the claim for malpractice arose.”[19]
*490 Finally, the dissent raises the specter of a very long delayed claim being possible under MCL 600.5838(1); MSA 27A.5838(1) based on the rationale of this opinion. Post at 499. It is certainly true that the last treatment rule as codified and expanded by MCL 600.5838(1); MSA 27A.5838(1) may allow suits against nonmedical professionals based on alleged negligence that has occurred much further in the past than would be the case absent that statutory provision. However, for better or worse, we believe that such an extended statute of limitations is precisely the point of MCL 600.5838(1); MSA 27A5838Q) as currently enacted. Policy arguments for changing the statute may be addressed to the Legislature, but we must endeavor to apply the statute in light of its plain language, well-established principles of statutory con- *491 straction, and this Court’s prior construction of the statute in Morgan.[20]
For these reasons, we reverse in part the judgments of the circuit court and the Court of Appeals.[21] We remand this case to the circuit court for further proceedings on the plaintiffs’ malpractice claim against the defendants. MCR 7.302(F)(1).
Kelly, Taylor, Corrigan, and Young, JJ., concurred.
Cavanagh, J., concurred in the result only.

 Messrs. Martin and Hoskow were principals in an accounting firm that bore their names. In this opinion, when we refer to them, we also mean their firm.

 Taxes were also prepared for Dr. Levy’s professional corporation. References to Dr. Levy include the corporation.

 In his application to this Court, Dr. Levy says he received a “notice of deficiency” form in December 1995 and that he settled with the IRS in March 1997, when stipulated orders were entered in two cases in the United States Tax Court.

 This case was dismissed by the circuit court before a trial or discovery. For present purposes, we thus accept as true the plaintiffs’ allegations.

 That allegation was contained in count i of the complaint, which was titled “Negligence & Professional Malpractice.” There also was a count n — “Negligent and Fraudulent Misrepresentation.”

 MCL 600.5805(4); MSA 27A.5805(4).

 In their brief in support of the motion, Messrs. Martin and Hoskow relied on MCR 2.116(C)(7) and (8).

 Actually, the court dismissed count I on that basis. The court also granted summary disposition on count n on the ground that the complaint did not contain specific allegations of fraud, and thus did not (except insofar as it reiterated the untimely malpractice claim) state a claim on which relief can be granted.

 Unpublished opinion per curiam issued September 17, 1999 (Docket No. 207797).

 Judge Whitbeck concurred in the affirmance of the summary disposition of count H.

 A malpractice claim is barred unless filed within the two-year period “or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.” MCL 600.5838(2); MSA 27A.5838(2). In light of our disposition of this matter, it is unnecessary to consider whether the six-month discovery provision is applicable to this case.

 Questions of statutory interpretation are decided de novo. Northern Concrete Pipe, Inc v Sinacola Cos—Midwest, Inc, 461 Mich 316, 320, n 14; 603 NW2d 257 (1999).

 (1) Except as otherwise provided in [MCL 600.5838a; MSA 27A.5838(1), which concerns medical malpractice], a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.
(2) Except as otherwise provided in [MCL 600.5838a; MSA 27A.5838(1), which concerns medical malpractice], an action involving a claim based on malpractice may be commenced at any time within the [two-year limitation period of MCL 600.5805(4); MSA 27A.5805(4)], or within 6 months after the plaintiff discovers *483 or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred.

 There is no suggestion that this plaintiff returned to [the optometrist] on August 18, 1983, merely to extend the statutory period of limitations. Our decision might be different if there were evidence that such a visit had been made as a mere artifice to extend the limitations period.

 The patient in Morgan was entitled, under a contract between his employer and his labor union, to an eye examination every two years.

 As one can see in footnote 13, the statute is now framed only in terms of “serving” the plaintiff. That change is related to the Legislature’s decision to eliminate the last treatment rule with respect to medical malpractice claims. See Morgan, 434 Mich 192, n 17, and MCL 600.5838(1); MSA 27A.5838(1) and MCL 600.5838a; MSA 27A.5838(1) as amended and enacted, respectively, by 1986 PA 178.

 See footnote 15.

 However, I further question the majority’s apparent view of the preparation of each year’s tax returns as inherently involving a completely separate transaction on the basis of “common sense.” Depending on its complexity and the tax situation of the taxpayer, a given tax return may (or may not) reflect “the examination of a discrete, contained body of information.” I think it is fairly well recognized, for example, that, especially with regard to business income taxation, certain matters such as depreciation of business assets and eligibility for certain tax credits often depend on facts that extend further into the past than the prior tax year. Thus, from the current state of the record, it is not clear that each instance of preparation of annual income tax returns by defendants involved calculations and judgments that lacked any direct connection to their preparation of income tax returns in prior years.

 The current version of MCL 600.5838(1); MSA 27A.5838(1) is substantively the same, except for its exclusion of claims of medical malpractice from its provisions.

 While not articulated in Morgan, we note that its result seems to find support in the statute’s use of the plural term “matters” in the phrase “the matters out of which the claim for malpractice arose.” Plainly, this means that the statute of limitations for a nonmedical malpractice claim against a state licensed professional does not begin to run when the professional has ceased providing services with regard to a single matter. On the contrary, the statute of limitations begins to run only when the professional has ceased providing services as to the broad “matters” out of which the claim arises. This indicates that a continuing course of eye examinations (or preparation of income tax returns) should be considered the “matters” out of which a claim for malpractice arose for purposes of the statute, rather than considering the completion of each eye examination (or tax preparation) to begin running the statute of limitations with respect to negligence during that singular matter. In addition, the phrase “discontinues serving” as used in MCL 600.5838; MSA 27A.5838 should not be ignored or overlooked. Defendants in this case did not discontinue serving plaintiffs with regard to accounting matters until well after the preparation of the 1992 income tax returns.

 We note that we are reviewing this case in the context of a motion for summary disposition brought by defendants under MCR 2.116(C)(7) based on the statute of limitations. In bringing such a motion, a defendant may, but is not required to, submit documentary evidence in support of its assertion that a claim is barred by the statute of limitations. See Patterson v Kleiman, 447 Mich 429, 432; 526 NW2d 879 (1994).
*490 However, in the present case, defendants have not offered documentary evidence regarding the nature of the professional services that were provided by defendants to plaintiffs. As Judge Whitbeck stated below, in the absence of any documentary evidence on a point, in reviewing a summary disposition motion under MCR 2.116(C)(7) we must accept the well-pleaded allegations in a complaint as true. Plaintiffs alleged that defendants prepared their income tax returns from 1974 to 1996. Defendants have failed to present any evidence that this is untrue — or that each income tax preparation was a discrete transaction that should be considered to separately constitute “the matters out of which the claim for malpractice arose,” MCL 600.5838(1); MSA 27A.5838(1), for purposes of the last treatment rule. Accordingly, we conclude that defendants have not established that plaintiffs’ claims are barred by the statute of limitations. We note that the result may have been different if defendants had come forward with documentary evidence that each annual income tax preparation was a discrete transaction that was in no way interrelated with other transactions. Accordingly, this opinion does not mean, for example, that if an accountant prepared income tax returns for a party annually over a period of decades, the statute of limitations for alleged negligence in preparing the first of these tax returns would not run until the overall professional relationship ended.

 It is to be recalled that neither the majority nor the dissent challenges the soundness of the Morgan rationale.

 We have reviewed the plaintiffs’ other claims on appeal, including his contention that the circuit court erred in granting summary disposition on count II of the complaint, and we are not persuaded that additional relief should be granted.