*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHILIP C. KIM and EMA G. OSAKI-KIM,

Plaintiffs-Appellants,

v

KALLAS CORPORATION doing business as
KALLAS RESTAURANT ACCOUNTING and
KALLAS RESTAURANT ACCOUNTING OF
MICHIGAN, NICOLAS KALLAS, and GEORGE
KALLAS,

Defendants-Appellees.

UNPUBLISHED
September 19, 2024

No. 365257
Oakland Circuit Court
LC No. 2022-195292-NM

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiffs appeal by leave granted[1] the trial court's order granting partial summary disposition pursuant to MCR 2.116(C)(7) (claim is time-barred) and (8) (failure to state a claim) in favor of defendants. We reverse the court's decision to grant summary disposition of plaintiffs' malpractice claim pursuant to Subrule (C)(7), and we reverse the court's decision to grant summary disposition of plaintiffs' breach of fiduciary claim pursuant to Subrule (C)(8). We affirm the court's decision to grant summary disposition of plaintiffs' breach of contract claim pursuant to MCR 2.117(C)(8).

## I. BACKGROUND

Litigation in this matter began on July 27, 2022, when plaintiff filed a complaint against defendants alleging accountant malpractice, respondeat superior, breach of fiduciary duty, breach of contract, and intentional misrepresentation; the respondeat superior and misrepresentation claims are not relevant to this appeal. Plaintiffs alleged that they were audited by the IRS in 2019

---

[1] *Kim v Kallas Corp*, unpublished order of the Court of Appeals, entered September 7, 2023 (Docket No. 365257).

as a result of several errors defendants made when preparing plaintiffs' 2013 through 2016 tax returns. Defendants represented plaintiffs during this audit despite "a conflict of interest caused by Defendants' many errors and omissions" with respect to these tax returns, and defendants never notified plaintiffs of these errors and omissions. Defendants allegedly made numerous errors during the course of the audit as well as numerous misrepresentations to both plaintiffs and the IRS. The IRS determined that plaintiffs owed $400,000, and defendants hired an attorney to prepare a petition in the tax court; defendants consulted with this attorney and assisted with the preparation of the petition. The petition was filed in February 2020, and the case was ultimately settled on October 28, 2021. Further, plaintiffs alleged that they were entitled to a $123,731 refund for the 2013 tax year, but they lost out on this refund because defendants failed to file the return within the deadline for collection. Regarding accounting malpractice, plaintiffs alleged that defendants breached their professional duties by failing to timely file the 2013 return, failing to inform plaintiffs of the mistakes and omissions that led to the audit, failing to "[t]ake appropriate positions" regarding the 2013 to 2016 returns, and by failing to adequately represent plaintiffs during the audit. Regarding the breach of fiduciary duties claim, plaintiffs copied the breach-of-duty allegations verbatim. Regarding breach of contract, plaintiffs "incorporated all prior allegations" and further alleged that defendants breached their contract "to perform audits, file tax returns, and further provide tax consulting and other services to Plaintiffs as stated above in the General Allegations."

Defendants filed a motion seeking partial summary disposition, arguing that the malpractice claims were untimely because malpractice has a two-year limitations period, and the claim accrued when the 2013 returns were submitted in April 2017. Accordingly, defendants requested that the court dismiss "any claims concerning the 2013 engagement that ended in 2017." Further, defendants argued that the breach-of-contract claim and the breach-of-fiduciary-duty claim should be dismissed as duplicative of the malpractice claim. Defendants attached two letters: an engagement letter pertaining to the 2013 tax returns and a letter from 2018 pertaining to the audit of plaintiffs' 2014 tax returns. The 2013 letter provided in relevant part:

> This letter is to specify the terms of our engagement with you and to clarify the nature and extent of the services we will provide. . . .

> We will prepare your 2013 federal and state income tax returns from information which you will furnish to us. . . .

> \* \* \*

> Your returns may be selected for review by the taxing authorities. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, we will be available upon request to represent you and will render additional invoices for the time and expenses incurred. Our fee for these services will be based upon the amount of time required at standard billing rates plus out-of-pocket expenses. . . .

The letter from 2018 explained what an audit was, the factors impacting the audit's outcome, and how plaintiffs would be billed.

Plaintiffs attached an affidavit from Philip Kim in response to defendants' motion. Kim stated that defendants provided plaintiffs "generalized financial and tax accounting[] and consulting services" from 2004 to 2021. Kim described the services as "sometimes contractual and sometimes extra-contractual," explaining that George Kallas would offer and charge for advice upon request even if there was no signed contract. According to Kim, defendants "were a one-stop shop for all of" plaintiffs' accounting needs and that defendants rendered generalized services rather than "only one, or only specific" services.

The trial court partially granted defendants' motion with respect to malpractice arising from the 2013 tax returns as well as the breach of fiduciary duty and contract claims,[2] and this appeal followed.

## II. MCR 2.116(C)(7)

Plaintiffs argue that the trial court erred by concluding that their malpractice claim was time-barred because defendants services did not terminate until 2021. We agree.

Summary disposition is appropriate pursuant to MCR 2.116(C)(7) if, among other possible reasons, the applicable limitations period expired prior to the commencement of the action. "The question whether a cause of action is barred by the applicable statute of limitations is one of law, which this Court reviews de novo." *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017) (quotation marks and citation omitted). When reviewing a motion for summary disposition made pursuant to MCR 2.116(C)(7), this Court considers "all documentary evidence and accept[s] the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Id*. (quotation marks and citation omitted).

In general, "the period of limitations is 2 years for an action charging malpractice." MCL 600.5805(8). A malpractice claim "accrues at the time [the defendant] discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838(1). The issue in this case pertains to when defendants discontinued serving plaintiffs as to the 2013 tax returns. Plaintiffs argue that this service continued until the audit concluded in 2021, while defendants argue that this service concluded when the returns were filed in 2017. The court found that the evidence suggested that the returns and the audit were anticipated by the parties to be two separate transactions. Accordingly, the court concluded that the claim accrued in 2017 and was therefore time-barred.

In *Levy v Martin*, 463 Mich 478, 480-481; 620 NW2d 292 (2001), the defendant accountants had prepared the plaintiff's annual tax returns every year from 1974 until 1996. The plaintiff's 1991 and 1992 tax returns, which were filed in 1992 and 1993 respectively, were eventually audited, and the plaintiffs were ultimately required to pay more than $90,000 in underpaid taxes as well as fees. *Id*. at 481. In 1997, the plaintiff filed a malpractice action, but the trial court dismissed the claim on the basis of the statute of limitations. *Id*. The Supreme Court began its analysis by explaining its prior decision in *Morgan v Taylor*, 434 Mich 180; 451 NW2d

---

[2] The court denied summary disposition of the intentional misrepresentation claim.

852 (1990), in which the Court explained the "last treatment rule" in the context of optometry. *Levy*, 463 Mich at 483. In *Morgan*, the plaintiff received "routine, periodic examinations" from the defendant, and the Supreme Court rejected the defendant's contention "that the relationship between plaintiff and defendant terminated after each visit." *Id*. at 484 (quotation marks and citation omitted). Rather, the Supreme Court concluded that the defendant did not stop treating the plaintiff until the plaintiff stopped obtaining regular examinations from the defendant. *Id*. In *Levy*, the Supreme Court applied that reasoning by analogy to tax returns and concluded that the plaintiff's claims arising from the 1991 and 1992 tax returns accrued when the plaintiff stopped working with the defendants in 1997. *Id*. at 485-487.

At first blush, *Levy* seems to spell doom for defendants' statute of limitations defense; however, defendants rely on a critical footnote:

> We note that we are reviewing this case in the context of a motion for summary disposition brought by defendants under MCR 2.116(C)(7) based on the statute of limitations. In bringing such a motion, a defendant may, but is not required to, submit documentary evidence in support of its assertion that a claim is barred by the statute of limitations.
>
> However, in the present case, *defendants have not offered documentary evidence regarding the nature of the professional services that were provided* by defendants to plaintiffs. As Judge WHITBECK stated below, in the absence of any documentary evidence on a point, in reviewing a summary disposition motion under MCR 2.116(C)(7) we must accept the well-pleaded allegations in a complaint as true. Plaintiffs alleged that defendants prepared their income tax returns from 1974 to 1996. *Defendants have failed to present any evidence* that this is untrue— or *that each income tax preparation was a discrete transaction that should be considered to separately constitute the matters out of which the claim for malpractice arose* for purposes of the last treatment rule. Accordingly, we conclude that defendants have not established that plaintiffs' claims are barred by the statute of limitations. We note that *the result may have been different if defendants had come forward with documentary evidence that each annual income tax preparation was a discrete transaction that was in no way interrelated with other transactions*. Accordingly, this opinion does not mean, for example, that if an accountant prepared income tax returns for a party annually over a period of decades, the statute of limitations for alleged negligence in preparing the first of these tax returns would not run until the overall professional relationship ended. [*Id*. at 489-490 n 19 (quotation marks and citations omitted; emphasis added).]

Defendants argue that the 2013 and 2018 letters, per *Levy*'s directive, establish that the 2013 tax return and the subsequent audit services were discrete transactions and that *Levy* therefore mandates a conclusion that the claim accrued when the 2013 returns were filed.

We disagree with defendants' contention that the documentary evidence establishes an intent that the 2013 tax returns be a singular, discrete transaction. The 2013 letter[3] did explicitly state its purpose of specifying "the terms of our engagement," and the letter then provided that defendants would "prepare your 2013 federal and state income tax returns." However, the letter never stated that the particular engagement would cease when those returns were filed, and it never stated that the engagement was exclusively for the filing of the 2013 tax returns. Moreover, it is undisputed that defendants continued preparing plaintiffs' tax returns through the 2016 tax year, but there is no evidence of additional engagement letters for the subsequent returns. Further, the reference to possible audit services suggests that defendants anticipated that the engagement could extend beyond the 2013 tax returns for an additional fee. As a whole, the record supports Philip Kim's characterization of defendants as a "one-stop shop" for all of their accounting needs.

In sum, this case involved a "*continuing professional relationship*" between plaintiffs and defendants. *Levy*, 463 Mich at 486. The preparation of the 2013 tax returns was part of this continuing relationship that did not end until 2021. Therefore, the trial court erred by concluding that the claim for malpractice was time-barred.

## III. MCR 2.116(C)(8)

Plaintiffs argue that the court erred by failing to allow them to amend their complaint to properly plead claims for breach of fiduciary duty and breach of contract. With respect only to breach of fiduciary duty, we agree. Regarding breach of contract, we disagree.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests a complaint's legal sufficiency. *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 623; 971 NW2d 716 (2021). "A motion for summary disposition under MCR 2.116(C)(8) is properly granted when, considering only the pleadings, the alleged claims are clearly unenforceable as a matter of law and no factual development could justify recovery." *Id*.

"It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim." *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). "The type of interest harmed, rather than the label given the claim, determines what limitations period controls." *Seebacher v Fitzgerald, Hodgman, Cawthorne & King, PC*, 181 Mich App 642, 646; 449 NW2d 673 (1989).

### A. BREACH OF FIDUCIARY DUTY

Establishing "a breach of fiduciary duty requires a more culpable state of mind than the negligence required for malpractice. Damages may be obtained for a breach of fiduciary duty

---

[3] Plaintiffs note repeatedly that the letter was unsigned, but they do not dispute its authenticity. Instead, they focus on the proper interpretation of this letter and argue that it does not evidence an intent that the 2013 returns be a one-off transaction.

when a position of influence has been acquired and abused, or when confidence has been reposed and betrayed." *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 47; 698 NW2d 900 (2005) (quotation marks and citation omitted). "[A] claim arising out of the fiduciary relationship between a professional and the professional's client alleging that the professional failed to adequately provide professional services sounds in malpractice, regardless of the label given to the claim." *Broz v Plante & Moran, PLLC*, 326 Mich App 528, 550; 928 NW2d 292 (2018), vacated in part on other grounds 504 Mich 892 (2019). In this case, plaintiffs breach of fiduciary duty claim not only mirrors the malpractice claim, plaintiffs seemingly copied and pasted the breach-of-duty allegations from their malpractice count into their breach of fiduciary duty count. Indeed, plaintiffs seem to concede that they failed to plead a distinct cause of action in this initial complaint. Therefore, because plaintiffs failed to plead the heightened state of mind element, the trial court properly concluded that the breach of fiduciary duty claim was subsumed by the malpractice claim.

However, this does not end the Court's analysis because plaintiff sought leave from the trial court to amend its pleadings. If a party is entitled to summary disposition pursuant to MCR 2.116(C), (8), (9), or (10), then the trial court must "give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). MCR 2.118(A)(2) provides that leave to amend pleadings "shall be freely given when justice so requires." "[A]mendment is generally a matter of right rather than grace." *P.T. Today, Inc v Comm'r of Office of Fin and Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). Therefore, "[l]eave to amend should ordinarily be denied only for particularized reasons such as undue delay, bad faith or dilatory motive, repeated failures to cure by amendments previously allowed, or futility." *Bailey v Antrim Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357838); slip op at 11 (quotation marks and citation omitted). "The trial court must specify its reasons for denying leave to amend, and the failure to do so requires reversal unless the amendment would be futile." *P.T. Today, Inc*, 270 Mich App at 143. "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face, (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *Id*. (citations omitted).

The general allegations in plaintiffs' complaint can establish a valid claim of breach of fiduciary duty because plaintiffs allege that defendants took affirmative steps to conceal the errors they made. With respect to the work defendants performed on the 2013 to 2016 tax returns, plaintiffs have not made any allegations that would be able to meet the elevated scienter requirement for breach of fiduciary duty. Rather, plaintiffs essentially allege that defendants failed to render professionally adequate services and made a multitude of errors, and they have not suggested any factual allegations that could be added for these allegations to meet the scienter requirement. Therefore, with respect to the preparation of the tax returns, plaintiffs have not established that they can amend their pleadings so as to establish breach of fiduciary duties. However, with respect to the audit services, plaintiffs allege that defendants intentionally concealed their errors and failed to disclose the conflict of interests created by their errors. this goes beyond mere negligence in the rendering of professional services and establishes the state of mind required to establish a distinct claim for breach of fiduciary duties.

Therefore, plaintiffs should be allowed to amend count III of their complaint to establish the scienter requirement of this cause of action as it relates to the audit services.

## C. BREACH OF CONTRACT

The trial court did not err by dismissing plaintiffs' breach of contract claim as duplicative of their malpractice claim. As noted, it is "[t]he type of interest harmed, rather than the label given the claim, determines what limitations period controls." *Seebacher*, 181 Mich App at 646. In this case, it was plaintiffs' interest in having their taxes competently and professionally managed that was harmed. The contract allegedly breached by defendants was to provide professional tax preparation and audit defense services, so plaintiffs' claim actually sounds in malpractice. Plaintiffs suggest that defendants, in addition to the professional accounting services, "undertook the contractual duty to file [plaintiffs'] return on time." However, it seems clear that filing tax returns on time falls within the scope of rendering professional tax preparation services. Because plaintiffs cannot establish an independent contractual duty to timely file the returns that is distinct from the duty to provide adequate services in the preparation of plaintiffs' tax returns, any amendments to plaintiffs' pleadings would be futile.

## IV. CONCLUSION

Because plaintiffs' malpractice claim is not time-barred, the court's decision to partially grant summary disposition pursuant to MCR 2.116(C)(7) is reversed. The court's decision to partially grant summary disposition of plaintiffs' breach of fiduciary duty claim pursuant to MCR 2.116(C)(8) without affording plaintiffs the opportunity to amend their complaint is reversed to the extent that the claim arises from the audit services. The court's decision to grant summary disposition of plaintiffs' breach of contract claim pursuant to MCR 2.116(C)(8) is affirmed. This case is remanded to the trial court for additional proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having fully prevailed, no costs may be taxed. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado